Force v. Dutcher et al.

WILLIAM M. FORCE vs. ANDREW DUTCHER and others.

1. Upon the completion of a contract for the sale of real estate, the vendor is deemed in equity, a trustee for the purchaser of the land sold.

2. Where a party has contracted for the purchase of real estate, and subsequently consents to a sale thereof by the agent of the vendor, upon the assurance that he shall receive a specified sum therefor, the estate of the vendor is liable in equity for the value of the land to which the purchaser was equitably entitled.

3. Upon the final hearing, the material charges of the bill must be taken as true.

*Mr. Vanatta,* for complainant.

*Mr. Beasley,* for defendants.

THE CHANCELLOR. The bill alleges, that on the 11th of October, 1856, the complainant purchased of William E. Hunt, through his agent, Andrew Dutcher, twenty-two acres of land for $7000, and that he paid $1000 on account of the purchase money; the deed to be ready within one week.

The complainant having contracted for the sale of eleven acres of the tract thus purchased, for $5000, consented, at the request of the agent, that the deed should be made directly from Hunt to the purchaser, on condition that the $5000 should be applied in part payment of the $7000 agreed to be paid by the complainant for the entire tract. The deed was executed, and the purchase money applied accordingly, leaving $1000 due from the complainant to Hunt for the purchase of the twenty-two acres.

In the year 1859, the legal title to eleven acres of the land agreed to be conveyed to the complainant still remaining in Hunt, Dutcher, as the agent of Hunt, agreed to sell and convey to a third party a tract of thirty acres and seventeen hundredths of land, including the eleven acres agreed to be conveyed to the complainant, for the consideration of $10,000. The complainant consented to this sale, upon the assurance that he should receive for the eleven acres which he had previously purchased from Hunt, $400 per acre. In pursuance of this arrangement, a deed, bearing date on the 20th of April, 1859, was executed by Hunt for the thirty and seventeen hundredths acres, for the consideration of $10,000 paid therefor. The bill alleges that the eleven acres of the complainant were more valuable than the residue of the tract, and were worth at least $4400, which it was stipulated the complainant should receive.

The bill claims that the complainant is entitled to recover $3400, with interest; $1000 being first applied in satisfaction of the purchase money agreed to be paid by him for the twenty-two acres.

To this bill the defendants demur for want of equity. The demurrer is attempted to be sustained, on the ground that, upon the case made by the bill, Dutcher was the agent of the complainant, and in that capacity received for him on the sale of the land in question, a definite sum of money which he refuses to pay over; that the complainant's remedy is an action of *indebitatus assumpsit* for money had and received.

This, as it appears to me, is not an accurate statement of the case made by the bill. The legal title to the land in question was in Hunt, not in the complainant. The complainant consented that the land might be sold and conveyed by Hunt in connection with other lands, upon the assurance that the complainant should receive for the portion of the land to which he was equitably entitled, at the rate of $400 per acre. The land was conveyed by Hunt as his own property. The purchase money was payable to him. The agent alleges that it still remains in the hands of his executors. It is difficult to perceive upon what ground the agent can be liable for money had and received, whatever his liability may be upon this contract.

The case made by the bill is briefly this. Hunt was under contract to convey to the complainant eleven acres of land. Instead of conveying it to the complainant, Hunt sold and conveyed the land, in connection with other land of his own, to a third party, and received the price, either by himself or by his agent. The complainant assented to that sale and conveyance, upon the assurance that he should receive for his portion of the land sold at the rate of $400 by the acre. The land has been sold and the purchase money is in the hands, either of the agent of the vendor, or of the executors of his estate. The agent denies that he has the money. The executors of the vendor deny that they have it. The complainant seeks to discover in whose hands the money is, and a decree for payment against the party holding it. Admit that the vendor had no knowledge of the contract made by his agent with the complainant, or that so far as regards

that transaction, Dutcher was not acting as the agent of the vendor; still the estate of the vendor would be liable, in equity, for the value of the land to which the complainant was equitably entitled.

Upon the completion of a contract for the sale of real estate, the vendor is deemed, in equity, a trustee for the purchaser of the land sold. *Crawford* v. *Bertholf, Saxton* 469; *Hoagland* v. *Latourette,* 1 *Green's Ch. R.* 254; 2 *Story's Eq. Jur.,* § 1212; 1 *Sugden on Vendors, chap.* 4, *sec.* 1.

Upon this hearing, the material charges of the bill must be taken as true.

The demurrer is overruled.